S99Y0257, S99Y0258. IN THE MATTER OF JOHNNIE CAMERON (two cases).
(511 SE2d 514)

PER CURIAM.

The State Bar filed two Notices of Discipline against Respondent Johnnie Cameron alleging violations of Standards 4 (professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 22 (withdrawal from employment without taking reasonable steps to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules); and 44 (wilful abandonment or disregard of a legal matter to the client's detriment) of Bar Rule 4-102 (d). Upon Cameron's failure to respond to either of the Notices of Discipline within the time set by Bar Rule 4-208.3 (a), Cameron was in default pursuant to Bar

Rule 4-208.1 (b) and subject to discipline by this Court. The State Bar has recommended disbarment as an appropriate sanction for Cameron's violations of Standards 4, 22, and 44 of Bar Rule 4-102 (d). We agree.

In one disciplinary matter, Cameron was hired by a client to represent him in a social security disability claim. The client gave Cameron documents pertaining to the claim and tried to reach Cameron by telephone numerous times. Cameron did not return the client's calls even when the client tried to reach Cameron regarding an appointment scheduled with a physician regarding the client's disability claim. On July 28, 1997, the client spoke with Cameron by telephone and Cameron promised to return the call on July 30, 1997 but failed to do so. After the Social Security Administration scheduled a disability hearing, the client again tried unsuccessfully to reach Cameron. Subsequently, the hearing was postponed when the hearing officer also could not reach Cameron. The client, in making additional attempts to reach Cameron, learned that Cameron's office had been vacated and his home telephone number disconnected. On September 5, 1997, the client wrote a letter to Cameron terminating Cameron's services and demanding the return of all documents. Cameron again failed to respond. Due to Cameron's failure to represent the client, the client was not able to present his disability case to the administrative law judge.

In a second matter, a client hired Cameron on or about November 14, 1997 to advise her on a will and property deeds and gave the original documents plus $50 to Cameron. Although Cameron stated that he would copy the documents and return the originals to the client, he failed to return the documents or to contact the client. The client made numerous attempts to call Cameron at his home and his office but was not able to reach him; she also learned that Cameron's fax number was disconnected. The client and the client's daughter contacted Cameron at his part-time job and requested the return of the original documents. Although in both instances Cameron promised to return the documents on the day of the telephone conversations, he did not keep the appointments or return the documents. In sum, Cameron did not do any work on the client's behalf, did not return any portion of the $50 fee, and failed to return the client's documents.

Although Cameron has no disciplinary history, the State Bar noted the pattern of dishonesty and abandonment evidenced by the two grievances filed and Cameron's failure to respond to the Notices of Investigation as aggravating factors in its recommendation for disbarment. Cameron has failed to respond to disciplinary authorities during the investigation of these matters and the Court finds no evidence of mitigating circumstances.

We agree with the State Bar that disbarment is warranted as a result of Cameron's violation of Standards 4, 22, and 44 of Bar Rule 4-102 (d). Accordingly, Cameron is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED FEBRUARY 8, 1999.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.